IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDWARD MCABOY**, | Case No. 3:21-cv-01773-IM |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **INTEL CORPORATION** and **BRIAN LEMME**, | |
| Defendants. | |

Kyann C. Kalin and Maria Witt, Stutheit Kalin LLC, 1 SW Columbia St., Ste. 1850, Portland, OR 97204. Attorneys for Plaintiff.

Anthony Copple and Sarah J. Ryan, Jackson Lewis P.C., 200 SW Market St., Ste. 540, Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

This matter comes before this Court on Plaintiff Edward McAboy's Motion to Remand, ECF 5. This Court has considered the parties' arguments—including those filed in their supplemental briefing—and GRANTS Plaintiff's Motion to Remand.

PAGE 1 – OPINION & ORDER

## BACKGROUND

On November 29, 2021, Plaintiff filed a Complaint against Defendants Intel Corporation ("Intel") and Brian Lemme in Multnomah County Circuit Court in the State of Oregon.[1] ECF 1-1. Plaintiff is a citizen of Alabama; Defendant Lemme is a citizen of Oregon; and Defendant Intel is a citizen of Delaware and California.[2] ECF 1 at ¶ 4.

The Complaint alleges that Plaintiff began his employment with Intel in June 2017 as a facilities engineer. ECF 1-1 at ¶ 4. Shortly after beginning his employment, Defendant Lemme became his direct supervisor and allegedly began creating a hostile work environment where Plaintiff suffered racial stereotyping and derogatory comments, and was placed in a role where he was "set up to fail." *Id.* at ¶¶ 6–8. Plaintiff claims that throughout his employment he reported concerns about understaffing, heavy work demands, a lack of support from his supervisors, and the discriminatory treatment he experienced. *Id.* at ¶¶ 10, 15. On May 19, 2020, Defendant Lemme terminated Plaintiff citing performance issues. *Id.* at ¶ 24. Plaintiff now brings this suit asserting three causes of action: (1) Race Discrimination/Hostile Work Environment under O.R.S. 659A.030(1)(b) against Defendant Intel; (2) Retaliation under O.R.S. 659A.030(1)(f) and O.R.S. 659A.199 against Defendants Intel and Lemme; and (3) Aiding and Abetting Discrimination under O.R.S. 659A.030(1)(g) against Defendant Lemme. *Id.* at ¶¶ 27–42. Plaintiff seeks damages in excess of $75,000. *See id.* at ¶ 41.

On December 7, 2021, Plaintiff sent the Complaint out for service through a service processor. ECF 5 at 3. However, on the same day, before Plaintiff could complete service on

---

[1] The Complaint designates a state court cause number of 21CV45802. ECF 1-1.

[2] Defendant Intel is incorporated in Delaware and has its principal place of business in California. ECF 1 at ¶ 4.

either Defendant Intel or Lemme, Defendant Intel removed the case to this Court on the basis of diversity jurisdiction.[3] *Id.* Eight days had elapsed between the initial filing of the Complaint and Defendant Intel's removal. The Notice of Removal acknowledges that removal was executed before any service occurred. ECF 1 at ¶ 1.

On January 4, 2022, Plaintiff moved to remand this case back to state court alleging that Defendant Intel's pre-service or "snap" removal violates 28 U.S.C. § 1441(b)(2), the "forum defendant rule." ECF 5 at 4–6. On January 21, 2022, Defendants filed their opposition to the motion. ECF 10. On February 11, 2022, this Court heard arguments on the instant motion and ordered supplemental briefing on the question of whether Defendant Intel's removal of the case before it was served affects this Court's remand analysis. ECF 16; *see also* ECF 17; ECF 18. This Court now considers whether Defendant Intel's pre-service removal requires that this Court remand the case.

## LEGAL STANDARDS

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A defendant may remove to federal court a civil action in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332, 1441.

"A plaintiff is the master of the plaintiff's complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). Generally, plaintiffs are entitled to deference in their choice of

---

[3] Defendant Intel's Notice of Removal to Federal Jurisdiction represents that Defendant Lemme "joins the removal of this action." ECF 1 at ¶ 9.

forum. The defendant "always has the burden of establishing that removal is proper" and must overcome a "strong presumption against removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted). Federal courts construe the removal statute against removal. *Id.* "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

The procedure for removal is governed by 28 U.S.C. § 1446 which states that a defendant desiring to remove an action to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant* or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added). The notice of removal "shall be filed within 30 days after the *receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* § 1446(b)(1) (emphasis added).

But removal is barred "if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2) (emphasis added). Known as the "forum defendant rule," this rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (internal quotation marks and citation omitted). The

district court may remand the case sua sponte or on the motion of a party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

## DISCUSSION

In his Motion to Remand, ECF 5, Plaintiff claims that because Defendant Lemme is a citizen of Oregon, the forum defendant rule prohibits removal in this case. ECF 5 at 4. Plaintiff's objection to Defendant Intel's removal concerns the permissibility of "snap removal"—a litigation tactic that relies on the "joined and served" language of 28 U.S.C. § 1441(b)(2) to circumvent the application of the forum defendant rule. ECF 5 at 4–5. Specifically, snap removal refers to a diverse defendant removing a case after a suit is filed in state court, but before the in-state or "forum" defendant is served. *Id.* Defendants, in rebuttal, assert that the plain language of 28 U.S.C. § 1441(b)(2) allows removal of the case before the forum defendant is properly joined and served. ECF 10 at 5. As such, Defendants argue that removal was proper because there is complete diversity among the parties, the amount in controversy exceeds $75,000, and Defendant Lemme was not served prior to removal by Defendant Intel. *Id.* at 3–4.

After carefully considering the text and structure of the removal statute as a whole, and strictly construing the statute against removal, this Court finds that Defendant Intel was not permitted to remove the action prior to its receipt of some form of service. Accordingly, removal was improper and this action is remanded.

**A. Pre-Service or "Snap" Removal Is Not Per Se Prohibited Under 28 U.S.C. § 1441**

The parties dedicate the bulk of their briefing to the question of whether under the forum defendant rule, removal is possible where an in-state defendant is named in the case but has not yet been served. Unfortunately, this Court is without direct guidance from the Ninth Circuit,

which has yet to explicitly address the issue of service presented in this case.[4] Plaintiff contends that Defendant Lemme's Oregon citizenship precludes removal of this matter under the forum defendant rule. ECF 5 at 4–5. Meanwhile, Defendants assert that the forum defendant rule does not apply here because the case was removed prior to Defendant Lemme's service. ECF 10 at 5. This Court agrees with Defendants that the bar to removal under 28 U.S.C. § 1441(b)(2) is only triggered if the forum defendant is served. And in this case, the forum defendant had not been served at the time Defendant Intel removed the case.

When interpreting a federal statute, this Court "begin[s], as always, with the language of the statute." *Navajo Nation v. Dep't of Health & Hum. Servs.*, 325 F.3d 1133, 1136 (9th Cir. 2003) (en banc) (internal quotation marks omitted) (quoting *Duncan v. Walker*, 533 U.S. 167, 172 (2001)). The forum defendant rule provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This Court must give effect to the plain language of this provision, which clearly permits removal before a forum defendant is "joined and served." *See Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219

---

[4] While this Court ultimately disagrees, it is mindful that other circuits have permitted the removal of an action before service could be completed on any of the named defendants. *See, e.g.*, *Novak v. Bank of N.Y. Mellon Tr. Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) ("[S]ervice is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends."). Further, district courts within the Ninth Circuit are sharply divided on issues involving pre-service removal. *Compare Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 2027374, at *4 (N.D. Cal. Apr. 28, 2020) ("[B]ecause Defendant removed the instant case to federal court before Defendant was properly joined and served, Section 1441(b)(2) does not prohibit removal."), *with JPMorgan Chase Bank N.A. v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-02188-APG-BNW, 2021 WL 3081056, at *3 (D. Nev. July 20, 2021) (noting that a "basic assumption embedded in the statute [is] that a party in interest had been served prior to removal" (internal quotation marks and citation omitted)).

PAGE 6 – OPINION & ORDER

(D. Haw. 2010) ("[P]ursuant to the plain language of § 1441(b), the forum defendant rule does not require remand in the instant case because [the defendant], a properly joined in-state defendant, had not been served at the time of removal.").

But, this is not the end of the inquiry. This Court would be remiss to conclude its analysis without considering the text and structure of the removal statute as a whole. "Statutory construction is a holistic endeavor, and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter." *United States v. Nishiie*, 996 F.3d 1013, 1020 (9th Cir. 2021) (internal quotation marks and citation omitted). The forum defendant rule is not the only provision that governs removal. Rather, before a Defendant may remove a case to federal court, certain statutory conditions must be satisfied. And, as discussed below, those conditions were not satisfied in this case.

**B. 28 U.S.C. § 1446 Requires that the Removing Defendant Be Served Prior to Removal**

In order to remove a case to federal court, a defendant must follow the procedures for removal set forth in 28 U.S.C. § 1446 (Procedure for removal of civil actions). Section 1446(b)(1) provides that a removing defendant may file a notice of removal after his "receipt" of the complaint "through service or otherwise." The provision's plain language contemplates that a removing defendant actually *receive* some sort of service prior to filing a notice of removal. Allowing removal prior to service renders the time limit on removal contained within § 1446(b) somewhat puzzling. If removal can be executed prior to any receipt of service, it makes little sense for the removal deadline to begin to run after service of process. *See Boise Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432 (9th Cir. 1991) ("Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same

statute inconsistent, meaningless or superfluous."). Here, formal service was not executed on either Defendant Intel or Lemme prior to removal. Rather, Defendant Intel was alerted that it was named in Plaintiff's Complaint by its attorneys, who routinely monitor public filings in employment cases in Oregon state and federal courts. *See* ECF 20.[5]

The manner in which Defendant Intel became aware of the Complaint is not the type of "receipt" or "service" that would comport with the statute. And without having received some form of service sufficient to satisfy the statute's requirements, this Court cannot conclude that Defendant Intel had the ability to remove or that it was even yet a party in the case. First, Section 1446(b)(1) uses the term "receipt," which this Court interprets in this context as a form of passively receiving information from another. "Unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006). Merriam-Webster defines "receipt" as "the act or process of" "com[ing] into possession of" something.[6] With this definition in mind, it would be odd to characterize a situation where a defendant affirmatively, through counsel, seeks and downloads information from a public database as an act of "receipt."[7] But that is precisely what has happened here.

---

[5] Defendant Intel's attorneys maintain that while they discovered the existence of Plaintiff's Complaint through electronic docket monitoring, Intel did not specifically request that these case filings be monitored. ECF 20 at ¶¶ 2–3.

[6] *See* Receipt, Merriam-Webster, https://www.merriam-webster.com/dictionary/receipt; Receive, Merriam-Webster, https://www.merriam-webster.com/dictionary/receiving. Similarly, Black's Law Dictionary defines "receive" as "[t]o take (something offered, given, sent, etc.); to come into possession of or get from some outside source." Receive, Black's Law Dictionary (11th ed. 2019). This definition provides further support that "receipt" does not refer to conduct in which a defendant is actively looking for and obtaining something.

[7] In its effort to discern the ordinary meaning of "receipt," this Court also considers its everyday usage. *Taproot Admin. Servs., Inc. v. Comm'r*, 679 F.3d 1109, 1116 (9th Cir. 2012). For example, one could properly use the word "receipt" when describing the process of getting a

PAGE 8 – OPINION & ORDER

Plaintiff had not yet served Defendant Intel nor provided it with even a courtesy copy of the Complaint. Instead, Defendant Intel's attorneys, on their own accord, electronically monitored public dockets in search of any filing that named their client as a defendant.[8]

While the statute's language authorizes removal after the defendant's receipt of the complaint "through service or otherwise," this does not countenance a contrary result. The use of the term "or otherwise" anticipates that methods of service other than formal service of a complaint would satisfy the statute. As the Supreme Court noted in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), "[n]othing in the legislative history . . . hints that Congress, in making changes to accommodate atypical state commencement and complaint filing procedures, intended to dispense with the *historic function of service of process* as the official trigger for responsive action by an individual or entity named defendant." *Id.* at 352–33 (emphasis added). After all, one does not become a party until service is executed. *Id.* at 350 ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."). Indeed, without service, one may not ever become an official party. Thus, it would be absurd to assume that Congress intended to endorse a statutory scheme where a defendant who stumbles across a document of unknown origin and authenticity

---

letter or gift from another. But it would be a different matter altogether to describe the process of buying an item at a store an act involving "receipt."

[8] Courts across the country have noted that the ubiquity of electronic docketing has contributed to the rise in pre-service removals. *See, e.g.*, *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1377 (N.D. Ga. 2018) ("Now referred to as snap removals, this litigation tactic has become increasingly popular in recent years due in part to the increased ease of electronic docket monitoring."); *Perez v. Forest Lab'ys, Inc.*, 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012) ("Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving.").

PAGE 9 – OPINION & ORDER

would be empowered to remove. Such an expansive interpretation could sanction virtually any scenario where a defendant merely learns of the existence of a complaint.

Support for the argument that the statute contemplates some kind of formal service can also be found in 28 U.S.C. § 1446(a) which provides that a notice of removal shall contain "a short and plain statement of the grounds for removal, *together with a copy of all process*, pleadings, and orders served upon such defendant or defendants in such action." *Id.* (emphasis added).[9] While many courts considering similar motions to remand have not engaged in a substantive analysis of Section 1446, numerous courts within this Circuit at the very least agree that the statute contemplates service prior to removal.[10] *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01367-APG-DJA, 2020 WL 7335412, at *3 (D. Nev. Dec. 14, 2020). This Court declines to engage in siloed interpretation of Section 1441(b)(2) that divorces it from the rest of the statutory removal scheme. *See Food & Drug Admin. v. Brown &*

---

[9] This Court's review of the case law shows that some courts have used another provision of the removal statute, 28 U.S.C. § 1448, to hold that pre-service removal is permissible. *See, e.g.*, *Mayes v. Am. Hallmark Ins. Co. of Tex.*, No. 1:21-cv-01198-CL, 2021 WL 6127887, at *2 (D. Or. Nov. 15, 2021), report and recommendation adopted, No. 1:21-cv-01198-CL, 2021 WL 6125796 (D. Or. Dec. 28, 2021) ("The explicit inclusion of the term 'through service or otherwise' shows that Congress considered removal before formal service. This concept is well established in the law. Indeed, 28 U.S.C. § 1448 describes the procedure for serving defendants *after* removal. 28 U.S.C. § 1448." (emphasis in original)). Section 1448 addresses the process after removal and states that when "any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Section 1448 does not discuss the requirements for removal or address whether a removing defendant must have received some formal process. Because this provision is particularly geared toward the post-removal process, it is not applicable here.

[10] This Court observes that a number of these district courts have relied on a novel argument—advanced in *Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313, 318–19 (D. Mass. 2013)—that the use of the word "any" in Section 1441(b)(2) assumes that at least one defendant has been properly joined and served prior to removal. *See, e.g.*, *Pratt v. Alaska Airlines, Inc.*, No. 2:21-CV-84-DWC, 2021 WL 1910885, at *3 (W.D. Wash. May 12, 2021).

*Williamson Tobacco Corp.*, 529 U.S. 120, 121 (2000) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." (internal quotation marks and citation omitted)). To do so would ignore Section 1446's clear textual command that a defendant may not file a notice of removal prior to some receipt of service.

This Court's reasoning not only rests on the plain language of Section 1446 but is also consistent with Supreme Court precedent upholding the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347. This Court relies on the Supreme Court's decision in *Murphy Bros.* where the Court considered when the time for removal commences under Section 1446(b). *Id.* at 347–48. The Supreme Court held that a defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.*

While *Murphy Bros.* addressed a question somewhat different from the issue at bar, this Court finds the underlying principles animating the Supreme Court's decision to be persuasive.[11] As the Court held, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as [a] defendant." *Id.* at 350. Rather, "one becomes a party officially, and is required to take action in that capacity,

---

[11] District courts across the country have similarly applied the logic of *Murphy Bros.* to an analysis of pre-service removal. *See, e.g.*, *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1370 (N.D. Ga. 2011) (noting that in *Murphy Bros.*, "the Court indicated that the time to remove was 'triggered' in all instances *after* the receipt of service of process" and finding it "safe to assume that service on at least one defendant is required prior to removal" (emphasis in original) (citation omitted)).

PAGE 11 – OPINION & ORDER

*only upon* service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. *Murphy Bros.* vindicates the fundamental tenet that a defendant cannot be forced to participate in a matter where service is defective or never completed.[12] But by the same token, an unserved defendant should not be allowed to remove prior to coming under a court's jurisdiction and becoming a party in the action. To accept Defendants' position would mean that the procedural protections contained in Section 1446 could be used as both a "sword and shield." This Court cannot endorse a scheme where rights or protections attach without any reciprocal obligations.

Plaintiff argues that the menace of electronic docket monitoring by sophisticated defendants and the importance of preserving the purpose of the forum defendant rule militates in favor of remand. *See* ECF 5 at 6–8; *see also DLJ Mortg. Cap., Inc. v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-CV-02251-APG-DJA, 2021 WL 3081059, at *4 (D. Nev. July 20, 2021) ("Snap removal, on the other hand, allows gamesmanship by defendants who are sophisticated and have sufficient resources (or suspicion of impending litigation) to monitor court filings and immediately remove a case before a forum defendant can be served."). As compelling as these observations may be, it is ultimately the text and structure of the removal statute that drives this Court to its conclusion. This Court does not find that pre-service removal before a forum defendant has been served is impermissible in every instance. Rather, pre-service removal offends the statutory scheme for removal where the defendant filing for removal has not been

---

[12] This Court must also be cognizant of the general principle that a plaintiff's choice of forum is owed deference. *See Deutsche Bank Tr. Co. v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-CV-2220 JCM (EJY), 2021 WL 493410, at *3 (D. Nev. Feb. 10, 2021) ("[S]nap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant."). After all, allowing pre-service removal contravenes the principle that plaintiffs, as masters of their complaints, should not have to race to complete service in order to retain control over their desired forum.

served.

## CONCLUSION

This Court is mindful that it must strictly construe the removal statute and resolve all doubts about removal in favor of remand. *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) ("Removal jurisdiction is statutory and strictly construed."). Understanding that there is a "strong presumption against removal jurisdiction," Defendants have not met their burden of showing that removal was proper. *Estate of Lhotka*, 599 F.3d at 1107 (internal quotation marks and citation omitted). Accordingly, this action must be remanded. Plaintiff's Motion to Remand, ECF 5, is GRANTED. This case is REMANDED to the Multnomah County Circuit Court in the State of Oregon (Case No. 21CV45802) for further proceedings.

**IT IS SO ORDERED.**

DATED this 13th day of May, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge